UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| RONALD L. FERRELL, JR. and | § | Case No. 04-40048 | **EOD** |
| SHARON C. FERRELL, | § | (Chapter 13) | 07/21/2008 |
| | § | | |
| Debtors. | § | | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion to Alter or Amend Dismissal Order Entered on May 21, 2008; Motion for Relief from the Egregious Effect of the Agreed Order Entered in this Case on February 9, 2006; Request for Attorney Fees and Sanctions Against the Chapter 13 Trustee; Motion to Reinstate Debtor's Chapter 13 Case with Notice of Hearing" (the "Motion") filed by Ronald and Sharon Ferrell (collectively, the "Debtors") on May 27, 2008.  The Court heard the Motion on June 11, 2008.  For the reasons stated at the conclusion of the hearing and set forth in this Memorandum Opinion, the Court finds and concludes that the Motion should be denied.[1]

### BACKGROUND

The Debtors initiated this bankruptcy case by filing a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on January 5, 2004.  The Court entered an order confirming the Debtors' Chapter

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such.  Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.  The Court may make additional findings as necessary or as requested by any party.

13 plan on August 4, 2004. The Debtors' Chapter 13 plan, as later modified, required the Debtors to make 19 monthly payments in the amount of $316.38 beginning on February 19, 2004, and then to make 41 monthly payments in the amount of $515.90 beginning on September 19, 2005. Pursuant to the terms of the "Order Confirming Chapter 13 Plan and Related Orders," the Debtors' bankruptcy counsel was released from his representation of the Debtors upon confirmation of their original Chapter 13 plan.

The Debtors failed to make all of their required monthly payments to the Chapter 13 trustee. As a consequence of the Debtors' payment defaults, the Chapter 13 trustee filed a motion to dismiss their bankruptcy case on January 20, 2006. The Chapter 13 trustee served the motion on both the Debtors and their former bankruptcy counsel. However, the Debtors' former bankruptcy counsel did not represent the Debtors in connection with the Chapter 13 trustee's motion.[2]

Prior to a hearing on the Chapter 13 trustee's dismissal motion, the Debtors and the Chapter 13 trustee submitted an "Agreed Order on Trustee's Motion to Dismiss" (the "Agreed Order") to this Court. The Agreed Order required that (1) in addition to the Debtors' regular monthly payments, the Chapter 13 trustee "must receive" all past due payments pursuant to the schedule set forth in the Agreed Order; and (2) the Debtors "shall remain current on the monthly plan

---

[2] In the present Motion, the Debtors imply that the Chapter 13 trustee's conduct was wrongful because the Debtors were unrepresented in connection with the motion to dismiss. This argument ignores the fact that the Debtors' counsel had been released by order of this Court. Moreover, it was apparent from the statements of Debtors' counsel at the hearing on the Motion that he had declined to represent the Debtors in connection with the Chapter 13 trustee's motion to dismiss because they could not afford to pay his fees. Notably, a debtor has no constitutional right to counsel in a bankruptcy case. *See Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989).

**ORDER** – Page 2

payments until this case is completed." The Agreed Order stated that, in the event the Debtors failed to meet these conditions, the Chapter 13 trustee "would submit a Certificate of Non-Compliance and the Court will enter the Dismissal Order therewith without further motion." The Court entered the Agreed Order on February 9, 2006.

The Debtors' payments to the Chapter 13 trustee have been erratic since December 2007, and they have not submitted a payment to the Chapter 13 trustee since April 2008. On May 8, 2008, the Chapter 13 trustee filed a Certificate of Non-Compliance with the Court pursuant to the Agreed Order. The Court entered an "Order Dismissing Chapter 13 Case with Retention of Jurisdiction" (the "Dismissal Order") on May 21, 2008, dismissing the Debtors' case.

In the present Motion, the Debtors do not allege that the Certificate of Non-Compliance lacked a factual basis. The Debtors did not seek relief from the Agreed Order prior to the filing of the Certificate of Non-Compliance, and they did not establish grounds for such relief at the hearing on the Motion. The Debtors, having failed to comply with their Chapter 13 plan and the Agreed Order, request that the Court vacate its dismissal of the above-styled bankruptcy case pursuant to Federal Rule of Civil Procedure 59(e).

## DISCUSSION

Motions to alter or amend a judgment under Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468,

**ORDER** – Page 3

473 (5th Cir. 1989) (citations omitted).  A Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See, e.g., Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly.  *See Southern Constructors Group, Inc. v. Dynalectric, Corp.*, 2 F.3d 606, 611 (5th Cir. 1993) (noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment).

Here, there is no dispute that the Debtors were in default of their plan payment obligations and cause existed to dismiss their case when the Chapter 13 trustee filed a motion to dismiss in January 2006.  *See* 11 U.S.C. §1307(c)(6).  Through the Agreed Order, the Debtors received an opportunity to cure their default and continue with their bankruptcy case.  The Debtors, however, subsequently defaulted under the terms of the Agreed Order as well as their Chapter 13 plan by again failing to make required payments.  While the Debtors' counsel attempts to characterize the defaults underlying the Chapter 13 trustee's Certificate of Non-Compliance as the failure to make timely payments, the Debtors, in fact, also failed to make required payments to the Chapter 13 trustee.  The Debtors remained in default of their plan payment obligations at the time the Court entered the Dismissal Order.

**ORDER** – Page 4

In their Motion and at the hearing on the Motion, the Debtors argued that the Chapter 13 trustee behaved "egregiously" and, therefore, that the Court should vacate the dismissal of their bankruptcy case. The Debtors asserted, among other things, that the Chapter 13 trustee had an obligation to provide them with advice in connection with the Agreed Order and that the Chapter 13 trustee waived her right to enforce the Agreed Order by allegedly accepting late payments from the Debtors. However, the Debtors offered no legal support for their argument that §1302(b)(4) of the Bankruptcy Code required the Chapter 13 trustee to provide them with legal advice regarding the possible ramifications of the Agreed Order – indeed, this provision expressly states that "the trustee shall … advise, *other than on legal matters,* and assist the debtor in performance under the plan." 11 U.S.C. §1302(b)(4) (emphasis added). Likewise, the Debtors' argument that the Chapter 13 trustee waived her right to enforce the Agreed Order by allegedly accepting late payments from the Debtors is not supported by the terms of the Agreed Order.[3] The Agreed Order had a simple purpose – it allowed the Debtors to continue with their required monthly plan payments while curing their then-existing defaults. Nothing in the Agreed Order altered the Chapter 13 trustee's obligations to the

---

[3] The Debtors also allege that the Chapter 13 trustee misled them when they called the Chapter 13 trustee's office on February 21, 2008. According to the Debtors, a representative of the Chapter 13 trustee stated that the Chapter 13 trustee would file a motion to dismiss as opposed to a certificate of non-compliance. The Debtors, therefore, argue that the Chapter 13 trustee should have been "estopped from filing" the Certificate of Non-Compliance. The Debtors, however, failed to establish any detrimental reliance on the alleged statements of a representative of the Chapter 13 trustee. *See, e.g., Lyng v. Payne,* 476 U.S. 926, 934 (1986) ("An essential element of any estoppel is detrimental reliance on the adverse party's misrepresentations ….").

**ORDER** – Page 5

Debtors or created any right the Debtors could seek to enforce against the Chapter 13 trustee.

The Debtors admit that they have not made a payment to the Chapter 13 trustee since April 2008. Thus, cause existed to dismiss their bankruptcy case at the time the Court entered the Dismissal Order pursuant to §1308(c)(6) of the Bankruptcy Code. *See, e.g., In re Sando,* 30 B.R. 474 (E.D. Pa. 1983); *In re Davis*, 64 B.R. 358, 359 (S.D.N.Y. 1986). The Debtors have failed to establish "that a fair probability of success on the merits [would] exist[ ] if the [Dismissal Order] were to be set aside." *Federal Sav. and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067, 1069 (5th Cir. 1988) (discussing grounds for relief from a judgment under FED. R. CIV. P. 60(b)). The Court concludes that, under the circumstances, the Debtors have failed to establish grounds for sanctions against the Chapter 13 trustee, for reinstatement of their bankruptcy case, or for relief from the Dismissal Order pursuant to Rule 59(e).

**IT IS THEREFORE ORDERED** that the Motion shall be, and it is hereby, **DENIED**.

Signed on 7/21/2008

*Brenda T. Rhoades*    SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER** – Page 6